MARTIN V. B. SCULL, PLAINTIFF IN ERROR, v. CAROLINE SKILLTON, DEFENDANT IN ERROR.

Argued March 10, 1904—Decided November 14, 1904.

In this case it was held that the trial judge correctly charged the jury upon the only material issue under the evidence. The plaintiff's offers of evidence were immaterial to the issue, and were properly overruled. The lease was material and was correctly admitted in evidence.

On error to the Atlantic Circuit. Tried before Judge Nixon and a jury, and judgment rendered for the defendant.

For the plaintiff in error, *Enoch A. Higbee* and *Francis Lafferty*.

For the defendant in error, *Thompson & Cole*.

The opinion of the court was delivered by

VREDENBURGH, J. The assignments of error relied upon for the reversal of the defendant's judgment below relate to the overruling of certain evidence offered by the plaintiff in error —to the admission of a lease in evidence against plaintiff's objection—and also to certain instructions given by the trial judge to the jury.

The plaintiff sought to recover judgment for certain goods (groceries) alleged to have been sold and delivered by him to the defendant for the supply of the Hotel Champlaine, at Atlantic City, during the summer season of 1899. The plaintiff's evidence did not show that any contract of purchase of the goods in question was ever made by the defendant; nor that the articles had been delivered to her; nor that she received the benefit or use of any of the goods, but did show that the goods had been contracted for by a certain Mrs. Gault and had been delivered to her at the hotel above named, of which she claimed to be the manager. The plaintiff's effort was to prove that this third person, by whom the goods were contracted for, was an agent or manager for the defendant in the carrying on or "running" (as all the parties seemed to have termed it) the Hotel Champlaine, where the goods were delivered and used. The plaintiff was, of course, bound to show that the defendant was the real principal in the transaction and therefore was liable for the goods so sold and delivered. Whether the defendant was the principal or proprietor or not in the running of this hotel was the subject of controversy under the evidence. There was no proof of an express agency from the defendant to Mrs. Gault to charge the former for the debts of the latter, but one was sought to be implied from the circumstance of the alleged running of the hotel by the defendant. All this was, of course, for the jury, and the trial judge so regarded it and there placed it. I fail to find, after a careful examination of the exceptions upon which the plaintiff has assigned errors, that any of them are well taken. Those that relate to the overruling by the court of evidence offered by the plaintiff have no force, because the evidence so offered was remote and immaterial. It did not prove, nor tend to prove, that the defendant was a principal or proprietor in the conduct of the Hotel Champlaine for the season of 1899, for the use of which the goods were claimed by the plaintiff to have been furnished. That at another time, and with another hotel, the relationship was such between this third person and the de-

fendant that the latter paid the debts contracted by such person, had no legal significance in, or bearing upon, the issue on trial. The lease of the Hotel Champlaine from defendant, who was the owner, to Mrs. Gault, was properly admitted in evidence, for the reason that it did tend to contradict the plaintiff's evidence and establish the legal relationship of the defendant toward the Hotel Champlaine for the season in question, and tended to show that she had transferred her possessory rights in the property to the tenant and was not interested as the principal or proprietor, but that Mrs. Gault was. The *bona fides* of the execution of this lease the plaintiff had, of course, the right to question, and that matter was fairly left by the judge to the jury. The many exceptions to the charge of the court to the jury are not founded upon any misstatement of any proposition of law and are all deprived of force when the whole instructions are considered together. They are all answered by the following quotation at the conclusion of the charge, viz.: "But you must take the whole evidence, and if you find there was an agency, and Mrs. Skillton was that summer running the Hotel Champlaine, and Mrs. Gault was merely her agent, then Mrs. Skillton is responsible; if she was not, then she is not responsible. The circumstances and all the testimony you will consider. It is not for me to designate to you what weight you will give to it." This was the only issue on trial, and the judge correctly so charged. No error of law appears to have been committed in the charge.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, DIXON, GARRISON, FORT, SWAYZE, BOGERT, VREDENBURGH, GREEN, GRAY. 9.

*For reversal*—None.